IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| MINNESOTA LIFE INSURANCE COMPANY, | | |
| Interpleader Plaintiff, | | No. C13-2068 |
| vs. | | ORDER SETTING HEARING |
| ANDREA CARADINE, MARINA CARADINE, JaLESSA CARADINE, JAMEESHA HAWTHORNE, LaDARIUS CARADINE, PAULA WATTS (a/k/a Paula Brown), individually and as parent and guardian of JW, JW, a minor, JAS WATTS, NAOMI SISK, DARRELL REASBY, and BRIAN CARADINE, | | |
| Interpleader Defendants. | | |

On June 27, 2014, Judge Edward J. McManus entered an Order directing Plaintiff Minnesota Life Insurance Company to pay over to the clerk of court the net proceeds of the policy insuring the life of James A. Caradine. Defendants contest among themselves the proper distribution of the life insurance proceeds. Judge McManus referred the matter to me for a report and recommendation on the question of whether the June 23, 2013 Beneficiary Designation was valid.

## I. BACKGROUND

According to the complaint, Minnesota Life issued a group term life insurance policy to Deere & Company, which insured the life of James A. Caradine. James died on June 27, 2013 of respiratory failure resulting from lung cancer and chronic pulmonary disease. The amount of life insurance benefits payable under the policy was $65,059.64,

plus interest. However, Minnesota Life paid for funeral expenses under a funeral home assignment, so the remaining balance was $52,702.89, plus interest. In his recent Order, Judge McManus approved attorney fees and costs in the amount of $3,891.60. Accordingly, the amount remaining in dispute is $48,811.29.

According to the Complaint, Andrea Caradine is James' ex-spouse. Marina Caradine is James' daughter, and JaLessa Caradine, Jameesha Hawthorne, and LaDarius Caradine are James' grandchildren. Naomi Sisk is James' former spouse. Paula Watts (n/k/a Paula Brown), Darrell Reasby, and Brian Caradine are James' children. James Watts Jr. ("JW") and Jasalynn ("Jas") are James' grandchildren.

In a "Beneficiary Designation and Change Request" dated June 23, 2013, James designated Andrea to receive 40% of the insurance proceeds, with Marina, JaLessa, Jameesha, and LaDarius each receiving 15%.[1] According to the death certificate, James died four days later, on June 27, 2013, at the age of 74.[2]

The Complaint states that in a prior beneficiary designation, dated December 17, 2012, James designated Andrea to receive 30% of the insurance proceeds, with Marina, JaLessa, Jameesha, and LaDarius each receiving 10%. The remaining 30% went to Paula, Jas, and JW in equal shares (i.e., 10% each). The Court notes parenthetically that the December 17, 2012 beneficiary designation is not contained in the file.

On about July 15, 2013, Minnesota Life received a claim for benefits from Andrea, Marina, JaLessa, Jameesha, and LaDarius. At about the same time, Minnesota Life received a letter from Paula, contesting the June 23, 2013 beneficiary designation. According to Paula, James was not physically or mentally capable of executing the

---

[1] A copy of the June 23, 2013 Beneficiary Designation is attached to the Complaint as Exhibit C.

[2] A copy of the Certificate of Death is attached to the Complaint as Exhibit B.

beneficiary designation on June 23, 2013. According to Paula, James had given her a beneficiary designation naming Naomi, Darrell, Brian, and herself as the primary beneficiaries of the life insurance policy. Attached to Paula's letter was a beneficiary form dated March 8, 2010, identifying Naomi (40%), Darrell (10%), Brian (25%), and Paula (25%) as beneficiaries.[3]

By the Court's calculation, the distribution of the net proceeds may be estimated under each of the beneficiary designation forms as follows:[4]

| | June 23, 2013 | December 17, 2002 | March 8, 2010 |
|---|---|---|---|
| Andrea Caradine | 19,524.53 | 14,643.38 | |
| Marina Caradine | 7,321.69 | 4,881.13 | |
| JaLessa Caradine | 7,321.69 | 4,881.13 | |
| Jameesha Hawthorne | 7,321.69 | 4,881.13 | |
| LaDarius Caradine | 7,321.69 | 4,881.13 | |
| Paula Watts (Brown) | | 4,881.13 | 12,202.82 |
| JW Watts | | 4,881.13 | |
| Jas Watts | | 4,881.13 | |
| Naomi Sisk | | | 19,524.52 |
| Darrell Reasby | | | 4,881.13 |
| Brian Caradine | | | 12,202.82 |
| | | | |
| TOTAL | 48,811.29 | 48,811.29 | 48,811.29 |

---

[3] A copy of the March 8, 2010 Beneficiary Designation is attached to the Complaint as Exhibit D.

[4] It should be noted that these are *estimates only*. The actual amounts may be affected by interest or other factors.

## II. LAWSUIT

On September 20, 2013, Minnesota Life filed the instant action, asking that it be permitted to deposit the net proceeds of the policy with the Court, with the Court then determining the claims of the respective parties.

All of the Defendants accepted service of the complaint. Naomi Sisk filed an answer on February 18, 2014. Paula Watts (n/k/a Brown) filed an answer for herself, her daughter Jasalynn Watts , and James Watts Jr. ("JW") on February 19. Andrea Caradine filed an answer on the same date.

On March 28, 2014, Minnesota Life filed a motion asking that default enter against Marina Caradine, JaLessa Caradine, Jameesha Hawthorne, LaDarius Caradine, and Brian Caradine for their failure to plead or otherwise defend the action. The clerk docketed a default entry against those Defendants on March 31, 2014. On May 6, 2014, the clerk docketed a default entry against Defendant Darrell Reasby.

On June 6, 2014, Andrea Caradine sent a letter to the Court, addressed "To Whom It May Concern," stating that she was told by an attorney from Minnesota Life that "one letter would suffice for Marina, Ja Leesa, Ja Meesha, La Darius, and myself." The letter was docketed as a motion to set aside the default entry. The Court finds that the motion should be granted.[5]

## III. HEARING

As framed by Judge McManus in his recent Order, the question is "whether the June 23, 2013, Beneficiary Designation was valid." The Court finds that a hearing is necessary to resolve this issue. The parties are advised that they must be prepared at the time of hearing to present *all evidence* which they may have on the issue of whether James was physically and mentally capable of executing the beneficiary designation on June 23,

---

[5] A magistrate judge is authorized to determine all non-dispositive pretrial motions, including a motion to set aside an entry of default. *See* Local Rule 72.c(10).

2013. This may include testimony from persons having personal knowledge of the facts, medical records, or other documents relevant to the issue of whether James had the capacity to change his beneficiary designation at that time, and did so voluntarily. *This will be the only hearing held in this case and, therefore, the parties must be prepared to present all of their evidence at that time.*

## IV. ORDER

IT IS THEREFORE ORDERED the Motion to Set Aside Default Entry (docket number 43) filed by Andrea Caradine on behalf of Marina Caradine, JaLessa Caradine, Jameesha Hawthorne, and LaDarius Caradine is **GRANTED**.

This matter will come on for evidentiary hearing on **August 20, 2014** at **9:00 a.m.** at the United States District Courthouse, Courtroom 3, 4th Floor, 111 7th Avenue SE, Cedar Rapids, Iowa.

DATED this 30th day of June, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA